19403

WRIGHT SCRUGGS SHOE CO., a Partnership of Carl V. Green and Ray L. Bishop, by its Sole Surviving Partner, Ray L. Bishop, Appellant, v. The EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.

(188 S. E. (2d) 477)

*Claude R. Dunbar, Esquire,* of Spartanburg, *for Appellant,*

254

*H. Spencer King, Esquire,* of *Butler, Means, Evans & Browne, for Respondent,*

*Claude R. Dunbar, Esquire,* of Spartanburg, *for Appellant, in Reply.*

April 20, 1972.

Moss, Chief Justice:

Wright Scruggs Shoe Company, a partnership and the appellant herein, as beneficiary of a policy of insurance in the face amount of $25,000 issued by the Equitable Life Assurance Society of the United States, the respondent herein, on the life of Carl V. Green, a late partner, brought this action to recover an additional death benefit of $25,000 provided in the accidental death benefit clause of the said policy.

The policy provides that upon receipt of due proof "That the death of the insured resulted from accidental bodily injury, directly and independently of all other causes" to pay the additional death benefit heretofore referred to. The policy further provides that no accidental death benefit will be paid "if death was caused or contributed to, directly or indirectly, by disease or illness of any kind, physical or mental infirmity, or medical or surgical treatment therefor." It was stipulated at the trial that the face amount of the policy had been paid to the appellant; and the only issue before the court was whether the respondent was liable for the additional death benefit above mentioned. In its answer, the respondent denied that the death of the insured resulted from accidental bodily injury, directly and independently of all other causes, but was due to a coronary occlusion and heart disease.

This case came on for trial at the 1971 September Term of the Court of Common Pleas for Spartanburg County, before the Honorable Clarence E. Singletary, presiding judge, and a jury. At the close of the testimony in behalf of the appellant, the trial judge granted an involuntary nonsuit on the grounds that there was no testimony that an accident caused the death of the insured independently of all other causes and that there was abundant evidence that his death was the result of a heart attack. This appeal followed.

It appears, by stipulation and from the testimony, that Carl V. Green was the general manager of Flaherty Heating Company, and on the afternoon of August 8, 1969, with an employee, went to a residence located on Crescent Road in the City of Spartanburg for the purpose of installing a furnace heating system, including the duct work. The insured went under the house for the purpose of locating register outlets and cutting a flue in the masonry work at the base of an existing chimney. The clearance between the floor where the insured was working on the chimney was such that he had to lie down while performing his work with a hammer and chisel. While the insured was working on the chimney, the other employee was making openings in the floor for the installation of the registers. He testified that he could hear the tapping of the hammer used by the insured. Later, when he tried to communicate with him for the purpose of taking him a drink of water, he got no answer, and, upon investigation found the ensured's body lying near the hole he had been cutting. The hammer and chisel were lying nearby. The insured was apparently dead and was so pronounced on his arrival at the hospital.

It appears that a Doctor Davis, a pathologist, performed a *post mortem* examination on Carl V. Green on the morning of August 9, 1969. His report, offered in evidence by the appellant, is as follows:

"As authorized by you, I performed a *post mortem* examination on the above-named individual on the morning of

August 9, 1969. As you related he had been crawling under a house when he suddenly died.

"The external examination showed no marks of violence, specifically there were no indications of electrical burns. The significant findings were confined to the heart which was enlarged, weighing 450 grams. It was an extremely advanced degree of atherosclerosis involving the coronary arteries with complete occlusion of the right main coronary artery and virtually complete occlusion of the anterior descending branch of the left main coronary artery. The heart muscle itself showed evidence of an old healed attack(s).

"In my opinion, he died of acute coronary insufficiency, in other words, a heart attack."

The personal physician of the insured was called as a witness by the appellant. This physician had made no examination of the insured at the time of his death. A hypothetical question was propounded to this witness by counsel for the appellant. At the close of the question he was asked what, in his opinion, caused the death of the insured and his response was "I guess if you are going to list it in medical terms, it would be heart failure." This witness was further asked the hypothetical question of what effect, if any, would the strain and work have on the heart. His answer was that he didn't think anybody could know beyond a doubt but most likely that precipitated it. On cross-examination this witness reaffirmed his statement that the insured died of a heart attack.

The employee who assisted in removing the insured from the place where he was working testified that the insured was drenched in sweat. The personal physician of the insured testified that when a heart attack occurs, the patient goes into shock and the principal outward appearance of shock is perspiration which "just drenches him."

The burden of proof was upon the respondent to show the death of the insured by accident. *Gamble v. Travelers Ins. Co.*, 251 S. C. 98, 160 S. E. (2d) 523.

The appellant's own evidence, considered in its entirety, is susceptible of no reasonable inference other than the insured's death was caused by a heart attack and not by any accident. It follows that the trial judge was correct in granting the motion of the respondent for an involuntary nonsuit.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.